[Civ. No. 1996.   First Appellate District.—June **7, 1917.**]

B. M. JACKSON, Appellant, v. D. C. BROWN, Respondent.

ACTION FOR LEGAL SERVICES—ACCOUNT STATED—INSUFFICIENCY OF EVI-
DENCE.—In this action to recover an alleged balance for legal ser-
vices, it is held that the evidence fails to sustain the portion of the
complaint which alleged a cause of action upon an account stated,
and upon which the case was submitted for decision.

APPEAL from a judgment of the Superior Court of San
Mateo County.   George H. Buck, Judge.

The facts are stated in the opinion of the court.

B. M. Jackson, *in pro. per.,* for Appellant.

E. S. Bell, J. J. Bullock, and Michael Brown, for Re-
spondent.

KERRIGAN, J.—This is an action brought to recover a
balance of an attorney's fee alleged to be due for services
rendered by plaintiff to the defendant.

The complaint contained several counts.   At the trial it was
contended by the defendant that while he had paid part of the
fee for which he was being sued, such payment was made as an
accommodation to his attorney, who was not entitled to his
fee nor to any part of it until the judgment in a certain action
should be recovered and the amount thereof collected.   After
practically all the evidence was in, it was suggested that the
further trial of the cause be postponed in order to give the
defendant an opportunity to introduce evidence to the effect
that a written contract had been entered into by the parties
providing that the plaintiff's fee here sought to be recovered
was to be contingent upon a certain event which had not yet
happened, whereupon the plaintiff, in order to conclude the
matter, proposed that the case be submitted on that portion
of his complaint which alleged a cause of action upon an
account stated, and that he waive the remaining counts of his
complaint.   This was agreed to and the cause submitted.

With the trial court we think that the evidence does not
sustain the view that there was an account stated.   Early in
January, 1916, the plaintiff wrote to the defendant a letter

claiming that there was a certain balance due him on account of his fee in a suit conducted by him for the defendant, entitled Brown *v.* Lee. The defendant in a prompt reply neither expressly nor tacitly admitted the indebtedness, and in fact turned the matter of the claim over to an attorney for attention and adjustment. This correspondence and another letter written on behalf of the defendant, together with several conversations, telephonic and otherwise, between the parties clearly show that the negotiation fell far short of constituting an account stated.

The judgment is affirmed.

Richards, J., and Beasly, J., *pro tem.,* concurred.